**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VISION CARE OF MAINE, LIMITED LIABILITY COMPANY, | ) ) ) | Chapter 11<br>Case No. 24-10166 |
| Debtor. | ) ) ) | |
| | ) | |
| VISION CARE OF MAINE, LIMITED LIABILITY COMPANY, | ) ) ) | Adversary No. 24-_____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASD SPECIALTY HEALTHCARE, LLC, d/b/a BESSE MEDICAL, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF WITH RESPECT TO THE VALIDITY, EXTENT AND PRIORITY OF ASD SPECIALTY HEALTHCARE, LLC, D/B/A/ BESSE MEDICAL'S SECURITY INTEREST IN PROPERTY OF THE ESTATE**

Now comes Vision Care of Maine, Limited Liability Company (the "Debtor" or "Plaintiff"), in its capacity as debtor-in-possession in the above-captioned Chapter 11 case, and files this Complaint for a determination by the Court of the validity, extent and priority of the purported security interests in certain property of the Debtor's estate held by ASD Specialty Healthcare, LLC, d/b/a Besse Medical ("Defendant" or "Besse"). In addition, the Debtor seeks preliminary injunctive relief as to Dr. Curt T. Young ("Dr. Young"), the Debtor's sole member and manager, staying, pending litigation of this case, enforcement by Besse of Dr. Young's guaranty of

certain amounts purportedly owed by the Debtor to Besse until either confirmation of a plan of reorganization for the Debtor or further order of this Court.

## THE PARTIES

1. The Debtor is a limited liability company organized and existing under the laws of the State of Maine with its principal place of business located at 1 Ridgewood Drive, Bangor, Maine.

2. Defendant is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 9075 Centre Pointe Drive, Suite 140, West Chester, Ohio.

## JURISDICTION AND VENUE

3. On August 5, 2024 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Code").

4. This Court has jurisdiction over the above-captioned Chapter 11 case and this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and D. Me. Civ. R. 83.6(a), pursuant to which all cases filed in the State of Maine under the Code and civil proceedings arising under, arising in, or related to, cases under the Code are referred to the Bankruptcy Court.

5. Venue of the above-captioned Chapter 11 case is proper in this Court pursuant to 28 U.S.C. § 1408(1).

6. Venue of the above-captioned adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

## **GENERAL ALLEGATIONS**

A. **Background**

8.  The Debtor operates full service eye-care and vision treatment centers in Bangor and Lincoln Maine. The Debtor is a comprehensive medical and surgical vision care provider with facilities in Bangor, Maine and Lincoln, Maine. Debtor operates the only surgical eyecare facilities in the State of Maine that are north of Augusta, Maine, and south of Presque Isle, Maine. The Debtor has 65 employees, including 5 medical doctors, 1 doctor of osteopathic medicine, and 1 doctor of optometry.

9.  Dr. Young is the sole member and manager of the Debtor.

10. Dr. Young is the Debtor's Chief of Retina Surgery, President, and Medical Director. He is responsible for the oversight and direction of all of the Debtor's surgeons, ophthalmologists, optometrists, and other healthcare staff in both the Bangor and Lincoln facilities. In addition to his supervisory and oversight roles, Dr. Young, himself, performs approximately 60 surgeries and conducts anywhere from 250 to 400 clinical visits per week at the Debtor's facilities and the facilities of Vision Care of Maine – Aroostook, LLC, a related entity.

B. **Besse's Claimed Security Interest**

11. On September 1, 2017, Debtor executed a Besse Medical Business Application ("Business Application") in which Besse agreed to extend credit to the Debtor for Debtor's purchase of pharmaceutical products from Besse. A copy of the Business Application is attached here as **Exhibit A**. In the Business Application, Debtor purportedly granted to Besse a security interest in the following property of the Debtor (collectively, the "Collateral"):

> "all [Debtor's] personal property and any and all additions, substitutions, Accessions and Proceeds thereto and thereof, wherever located, and now owned or hereafter acquired or arising, including . . . All of [Debtor's] (a) Accounts . . . (e) Deposit Accounts . . . (n) [Debtor's] money and other property of every kind and nature now or at any time or times hereafter in the possession of under the control

of BESSE; and (o) the Cash proceeds, Noncash proceeds and products of all the foregoing and the Proceeds of other Proceeds."

12. On or about January 1, 2018, the Debtor and Besse entered into a Supply Agreement (the "Supply Agreement") containing further terms of the parties' agreement for the purchase and sale of pharmaceuticals, including without limitation the extension of credit. A copy of the Supply Agreement is attached hereto as **Exhibit B**.

13. Thereafter, on January 24, 2018, Besse, purporting to perfect its security interest in the Collateral, filed a UCC-1 Financing Statement with the Maine Secretary of State, naming Vision Care of Maine, Limited Liability Company, as the debtor (the "Financing Statement"). Besse then continued the Financing Statement by filing a UCC-3 continuation statement on November 29, 2022 (the "Continuation Statement"). Copies of the Financing Statement and Continuation are attached here as **Exhibit C.**

14. Subsequently, on September 12, 2022, Debtor executed an additional Credit Application and Agreement (the "Credit Agreement") with Amerisource Bergen Drug Corporation ("Amerisource"), which, upon information and belief, is the parent company of Besse. In the Credit Agreement, Debtor grants to Besse and Amerisource, among other subsidiaries of Amerisource, a security interest in "all of [Debtor's] (a) Accounts; (b) Inventory; (c) Equipment; (d) General Intangibles and Proceeds of the foregoing."

15. In addition to the Credit Agreement, Dr. Young, in his individual capacity, executed a personal guaranty (the "Guaranty") in favor of Besse for payment of any amount due under the Credit Agreement.

16. Between September 2022 to January 2023, Debtor, pursuant to the parties' contractual arrangements, including without limitation the Supply Agreement and the Credit

Agreement, purchased pharmaceutical drugs on credit from Besse through Besse's online web portal and Besse shipped the purchased pharmaceutical drugs to Debtor.

17. Debtor periodically received invoices and statements from Besse reflecting the amounts due for its purchases of pharmaceutical drugs.

18. Debtor, however, did not pay all of the invoices.

19. On May 10, 2023, Besse filed a complaint in the United States District Court for the District of Maine (the "District Court") against the Debtor and Dr. Young (the "Complaint") claiming breach of contract by the Debtor, unjust enrichment of the Debtor (in the alternative), breach of contract by Dr. Young in respect to the Guaranty, and replevin as against the Debtor.

20. Besse's claims against the Debtor and Dr. Young in the District Court are pending as docket number 23-cv-00201-NT.

21. In the Complaint, Besse sought a judgment against the Debtor and Dr. Young for the principal amounts set forth in the invoices as well as late charges at the rate of 18% per annum, attorneys' fees and costs, and other and further relief as allowed by law.

22. Besse's most recent claim as to the calculation of total amounts due, as of April 23, 2024, is $4,358,519.47.

23. Besse filed a Motion for Summary Judgment against the Debtor and Dr. Young on July 26, 2024.

24. Under the District Court's applicable scheduling order, a response by the Debtor and Dr. Young to the Motion for Summary Judgment is due on or before August 16, 2024, unless extended by agreement of the parties or by court order.

C. **Debtor's Chapter 11 Filing**

25. On the Petition Date, the Debtor voluntarily filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition").

26. Among the assets in which the Debtor held an interest as of the Petition Date and in which the Debtor continues to have an interest, were items of property in which Besse may claim to have a perfected security interest in because they are included in the Collateral under the Credit Agreement.

27. The Collateral purportedly includes, without limitation, health-care-insurance accounts receivable, including accounts receivable from Medicare and MaineCare (the "Government Healthcare Receivables") and the proceeds thereof.

D. **Invalidity and Lack of Perfection of Any Claimed Besse Security Interest in Government Healthcare Receivables**

28. Neither the Credit Agreement nor the Financing Statement filed with respect thereto obligated the Debtor to deposit proceeds of the Government Healthcare Receivables into a separate bank account, or otherwise to segregate those proceeds from other funds of the Debtor.

29. In the absence of any contractual commitment to deposit proceeds of the Government Healthcare Receivables into a separate bank account, or otherwise to segregate those proceeds from other funds of the Debtor, the Debtor did not so deposit these proceeds or otherwise segregate them. The Debtor deposited these proceeds into a bank account which commingled such proceeds with other funds of the Debtor.

30. Besse failed to execute any deposit account control agreement with Debtor or with the Debtor's financial institution. Furthermore, Besse is not the financial institution where Debtor's deposit accounts are maintained, nor is Besse a customer of such financial institution with respect to Debtor's deposit accounts.

31. Besse acquired no security interest in any funds of the Debtor deposited in any of the Debtor's bank accounts.

32. By virtue of the failure of Besse to acquire any security interest in any funds or deposit accounts of the Debtor, including proceeds of any Government Healthcare Receivables, Besse's security interest pursuant to the Credit Agreement and the Financing Statement does not extend to Government Healthcare Receivables, or the proceeds thereof, nor to any funds deposited in the Debtor's bank accounts before or after the Petition Date.

## Count I – Declaratory Judgment

33. The Debtor requests this Court enter its declaratory judgment determining and holding that Besse does not hold a valid, perfected and/or enforceable security interest in the Government Healthcare Receivables and the proceeds thereof, and in any funds deposited in the Debtor's bank accounts before or after the Petition Date.

## Count II – Injunctive Relief

34. The Debtor requests this Court enter its Order preliminary and prohibiting and enjoining Besse from continuing litigation against Dr. Young in District Court, pending the confirmation of Debtor's Chapter 11 plan of reorganization or further order of this Court. Without such protection, Besse's litigation in District Court will adversely impact both the Debtor's and Dr. Young's ability to continue providing surgical services on behalf of the Debtor, which, in turn, will hinder Debtor's ability to achieve a successful reorganization under these Chapter 11 proceedings.

35. Debtor anticipates filing a separate motion for preliminary injunctions pursuant to Fed. R. Bankr. P. Rules 7001(7) and 7065 and asserts that Debtor is entitled to such relief because

it can demonstrate (i) likelihood of success on the merits; (ii) irreparable harm to the Debtor if such relief is not granted; (iii) the lack of harm to Besse; and (iv) the benefit to the public.

WHEREFORE, Debtor respectfully requests that this Court:

A. Enter its declaratory judgment determining and holding that Besse does not hold a valid, perfected, and/or enforceable security interest in the Government Healthcare Receivables and the proceeds thereof, whether the proceeds of such Government Healthcare Receivables were received by the Debtor before or are received after, the Petition Date;

B. Enter its declaratory judgment determining and holding that Besse does not hold a valid, perfected, and/or enforceable security interest in funds deposited in any bank account of the Debtor, whether deposited by the Debtor before or after the Petition Date;

C. Preliminarily enjoin and prohibit Besse and all other parties to this Adversary Proceeding, and any person acting in concert or participation with Besse or any such party, from undertaking any action to perfect or enforce Besse's Security Interest in the Government Healthcare Receivables and proceeds thereof;

D. Grant injunctive relief as to Dr. Young, preliminarily prohibiting and enjoining Besse from continuing litigation against Dr. Young in District Court or elsewhere, until confirmation of Debtor's plan of reorganization, without prejudice for the Debtor to seek additional extensions, to allow Debtor to successfully administer its estate and formulate a plan of reorganization and

E. Grant such other and further relief as the Court deems just and proper.

Dated: August 8, 2024

VISION CARE OF MAINE, LIMITED LIABILTY COMPANY

/s/ David C. Johnson
David C. Johnson
George J. Marcus
Daniel L. Rosenthal

MARCUS|CLEGG
16 Middle Street, Suite 501
Portland, ME 04101
207-828-800
bankruptcy@marcusclegg.com

Attorneys for the Debtor