**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **VISION CARE OF MAINE, LIMITED LIABILITY COMPANY,** | ) ) ) ) | **Chapter 11** <br> **Case No. 24-10166** |
| Debtor. | ) ) | |
| | ) | |
| **VISION CARE OF MAINE, LIMITED LIABILITY COMPANY,** | ) ) ) ) | **Adversary No. 24- 01009** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **ASD SPECIALTY HEALTHCARE, LLC, d/b/a BESSE MEDICAL,** | ) ) ) ) | |
| Defendant. | ) ) | |

**ASD SPECIALTY HEALTHCARE, LLC, D/B/A BESSE MEDICAL'S
LIMITED OBJECTION TO DEBTOR'S REQUEST FOR EXPEDITED
RELIEF ON STAY MOTION AND FULL
<u>RESERVATION OF RIGHTS</u>**

ASD Specialty Healthcare, LLC, d/b/a Besse Medical ("<u>Besse</u>"), the above-captioned defendant and a secured creditor owed more than $4 million in this chapter 11 case, hereby objects to the expedited relief requested in Vision Care of Maine, Limited Liability Company's (the "<u>Debtor</u>") *Motion for Order Extending Automatic Stay to Non-Debtor And/Or Granting Preliminary Injunctive Relief in Favor of Plaintiff and Against Defendant and Incorporated Memorandum of Law* [Adv. Proc. Dkt. No. 2] (the "<u>Motion</u>"). This response is limited only to the Debtor's request for expedited relief in the Motion. Besse reserves all rights to object to the Motion on any and all grounds, and nothing herein is a waiver of Besse's rights as to the Motion or any other matter. In support hereof, Besse states as follows:

1. ***First***, in the Motion, the Debtor requests pursuant to Local Rule 9013-4(a)(2)(B) that this Court grant expedited relief so that the Motion is heard prior to Dr. Curtis Young's deadline to respond to Besse's Motion for Summary Judgment in the District Court Action (each term as defined in the Motion) on August 16, 2024.[1]  The Motion, however, violates the plain language of Local Rule 9013-4(a)(5), which states: "Prior to filing a motion that includes a request for an expedited or emergency determination, ***the movant shall make a good faith effort to advise all affected parties of the substance of the motion and that request***."  (Emphasis added.).  Here, the Debtor made no effort—let alone a "good faith effort"—to communicate with Besse about the expedited request prior to filing the Motion.  (The Motion likewise includes no reference to conferring with Besse.)  That failure to communicate is particularly alarming when, over the last 48 hours, Besse's counsel and the Debtor's counsel were closely engaged by email and phone negotiating the Debtor's consensual use of cash collateral.  Besse responded quickly to facilitate a consensual interim cash collateral order to the Debtor's benefit; the Debtor, unfortunately, has not done the same here, and not once did the Debtor raise expedited relief or ask for consent from Besse to an expedited schedule.  The Debtor's failure to comply with Local Rule 9013-4(a)(5) warrants denial of expedited relief.

2. ***Second***, the Debtor is not entitled to expedited relief and an expedited schedule because any "emergency" is of the Debtor's and Dr. Young's own making.  Under such

---

[1] The Debtor's wording in requesting expedited relief is confusing.  It states that "the Debtor and Dr. Young request that this Court decide this Motion on an expedited basis such that Dr. Young need not respond to Besse's motion in the District Court Action prior to the confirmation of the Debtor's plan of reorganization."  But the Debtor has not filed a plan of reorganization, so if plan confirmation is the relevant date, no expedited relief is needed.  Further, Dr. Young is not a party in the adversary proceeding or to the Motion, so he has no basis to request any relief.  Indeed, the Debtor's phrasing as if Dr. Young is the movant raises serious concerns about the reason for this chapter 11 case and Dr. Young's conduct.  Those issues, however, can remain for another day and are beyond the scope of this limited objection.

circumstances, good cause does not exist to expedite and to jam Besse on an expedited briefing and hearing schedule because of the Debtor's own conduct. That is, in the District Court Action, the District Court issued its *Local Rule 56(h) Pre-Filing Conference Report and Order* [Dkt. No. 55 in Docket No. 1:23-cv-00201-NT] on May 30, 2024, which was 67 days prior to the Petition Date. In the *Local Rule 56(h) Pre-Filing Conference Report and Order*, the District Court established that "[the Debtor and Dr. Young] shall file their opposition to the Plaintiff's motion by August 16, 2024." See **Exhibit A** attached hereto. Thus, the Debtor and Dr. Young had more than 2 months' notice of the upcoming summary judgment deadline (in litigation already pending since May 10, 2023), and only the Debtor determined when to file its chapter 11 case. To delay with full awareness of the upcoming response deadline, and then to seek expedited relief to the detriment of Besse, does not constitute a good faith basis or cause for expedited relief. Accordingly, expedited relief is not appropriate on that basis as well.

3.    ***Finally***, had the Debtor bothered to communicate with Besse, the Debtor would have discovered that the Debtor's self-made emergency was easily resolved. That is because Besse, although under no obligation to do so, will agree to consent in the District Court Action to extend Dr. Young's deadline to respond to summary judgment until 11 days after the Court rules on the merits of the Motion.[2] Besse will file that consent in the District Court Action in the near future, and Besse anticipates that the District Court would grant such a consented-to request. Thus, with the expectation that the District Court will extend the summary judgment deadline for Dr. Young, there is no basis to expedite the briefing and hearing schedule on the Motion.[3]

---

[2] Eleven days is the remaining response period between the Petition Date and the August 16, 2024, summary judgment deadline.

[3] Besse notes that just as the Debtor failed to confer with Besse, so too did Dr. Young in the District Court Action. Also on August 8, 2024, Dr. Young moved the District Court to stay the response deadline on whether to

3

## **RESERVATION OF RIGHTS**

4. Besse submits this limited objection as to the expedited relief request in the Motion only. Besse reserves all rights to object to the Motion on any and all grounds, including in accordance with deadlines to be established by this Court, and nothing herein is or shall be deemed a waiver of any rights of Besse as to the Motion, the adversary proceeding, or the chapter 11 case.

**ASD Specialty Healthcare, LLC d/b/a Besse Medical**

By its attorney:

Dated: August 9, 2024

*/s/ Adam R. Prescott*
Adam R. Prescott, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON, P.A
100 Middle Street, P. O. Box 9729
Portland, Maine 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Email:  aprescott@bernsteinshur.com

---

administratively close the District Court Action and to extend the summary judgment response deadline as well. Dr. Young did not confer with Besse prior to filing that motion, and it appears to Besse that Dr. Young and the Debtor are attempting to play this Court against the District Court—with Besse now caught in the middle. A copy of Dr. Young's motion is attached hereto as **Exhibit B**. Obviously, if the District Court were to grant that request, it would undermine the expedited relief sought in the Motion.

4

## CERTIFICATE OF SERVICE

I, Adam R. Prescott, being over the age of eighteen and a shareholder in the firm of Bernstein, Shur, Sawyer & Nelson of Portland, Maine, hereby certify that on this date, I electronically filed the above document, which was served on the parties listed via ECF.

Dated: August 9, 2024

*/s/ Adam R. Prescott*
Adam R. Prescott, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON, P.A
100 Middle Street, P. O. Box 9729
Portland, Maine 04104-5029
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
Email: aprescott@bernsteinshur.com